IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | NO. 1:14-CR-50 |
| | § | |
| JAMES ANDRE HUNT | § | |

**REPORT AND RECOMMENDATION ON
THE DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On July 25, 2014, the court ordered a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Doc. No. 17.) The Defendant was subsequently evaluated by Randall Rattan, Ph.D., a Licensed Psychologist at the Federal Correctional Institution in Fort Worth, Texas.

The psychiatric report concludes that, in the opinion of Dr. Rattan, "the defendant did not appear to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." (Doc. No. 24, p. 9.)

A competency hearing was conducted on September 18, 2014. At the hearing, the Defendant appeared in court with his counsel, John McElroy. Mr. McElroy did not present any objections to Dr. Rattan's opinion on his competency *per se*, however, he informed the court of

recent developments since Hunt's return to the Beaumont facility. Mr. McElroy proffered to the court that Hunt has been taking his prescribed medication, but still reported suffering hallucinations. Mr. McElroy stated that prison officials reported that Hunt attempted suicide on two occasions, September 4 and September 8, 2014, and that Hunt confirmed these attempts.

Neither party objected to the admissibility of the psychological report detailing the results and findings, therefore, the court admitted it into evidence under seal. Mr. McElroy stated that he disagrees with Dr. Rattan's conclusion that Hunt is competent to stand trial, and presented the above proffered evidence as grounds for his opinion.

The undersigned concludes that the Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402 (1960). Mr. McElroy's proffered statements, even taken as true, do not call into question the psychologist's opinion regarding competency.

## RECOMMENDATION

The court should find the Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. See 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from July 25, 2014, until the date on which the District Judge signs the order adopting this report and recommendation.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of September, 2014.

_____
Zack Hawthorn
United States Magistrate Judge